**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **NATIVIDAD ALVAREZ,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-4122-L** |
| | § | |
| **ALDI (TEXAS), L.L.C.,** | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion to Remand, filed November 8, 2013. After careful consideration of the motion, briefing by the parties, record, and applicable law, the court **denies** Plaintiff's Motion to Remand.

**I.    Procedural Background**

Natividad Alvarez ("Plaintiff" or "Alvarez") filed this action on August 2, 2013, against Aldi Inc. d/b/a Aldi (Texas) L.L.C. ("Defendant") in the County Court at Law Number 4. Alvarez filed Plaintiff's First Amended Petition ("Petition") on September 3, 2013. In her Petition, Alvarez contends that she was a customer visiting a grocery store owned by Defendant on June 15, 2012, when she fell on her knee and "sustained significant, painful and disabling injuries." Pet. ¶ 7. Although Plaintiff does not say what caused her to fall, she identifies the substance as "debris near the entrance of the shopping facility." Pet. ¶ 13. Plaintiff asserts claims for negligent activity and premises liability.

Defendant removed this action to federal court on October 11, 2013, contending that complete diversity of citizenship exists between Aldi (Texas) L.L.C. and Alvarez, and that the amount in controversy exceeds $75,000, exclusive of interest and costs. Alvarez disagrees,

**Memorandum Opinion and Order – Page 1**

contends that there is not complete diversity between the parties, and seeks a remand to state court. The essence of Plaintiff's argument is that Aldi, Inc. is not the sole member of Aldi (Texas) L.L.C.; she contends that Aldi, Inc. (Penn) is the sole member of Aldi (Texas) L.L.C.

On February 25, 2014, Defendant filed its First Amended Notice of Removal to correct technical or procedural defects in its original Notice of Removal. Defendant contends that regardless of the truthfulness of Plaintiff's contentions, neither company is a citizen of Texas and, therefore, complete diversity exists between the parties. The court agrees.

## II.     Jurisdictional Standard

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the

highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.").

As the basis for removal asserted by Plaintiff is lack of complete diversity, there is no dispute that the amount-in-controversy requirement has been satisfied. Accordingly, the court solely devotes its analysis to whether diversity of citizenship exists between the parties.

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity mandates remand or dismissal of the action. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). A notice of removal "must allege diversity both at the time of the filing of the suit in state court and at the time of removal." *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993) (quotation marks and citations omitted). Such failure, however, is a procedural defect and may be cured by filing an amended notice. *Id.* n.4.

A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "'Citizenship' and 'residency' are not synonymous." *Parker v. Overman*, 59 U.S. 137, 141 (1855). "For diversity

**Memorandum Opinion and Order – Page 3**

purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (footnote omitted). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

### III.   Analysis

The argument urged by Plaintiff exalts form over substance. From what the court can glean from the motion to remand and the reply, Plaintiff believes the action should be remanded because Aldi, Inc. is not the sole member of Aldi (Texas) L.L.C. As previously stated by the court, a corporation is a citizen of its state of incorporation and the state where it has its principal place of business. Further, a limited liability company's citizenship is determined by the citizenship of all of its members. For purposes of its analysis, the court accepts as true Plaintiff's argument that Aldi, Inc. (Penn) is the sole member of Aldi (Texas) L.L.C. Aldi Inc. (Penn) is a Pennsylvania corporation with its principal place of business in Pennsylvania. This, of course, would make Aldi, Inc. (Penn) a citizen of Pennsylvania, and thus, under Plaintiff's argument, Aldi (Texas) L.L.C. is

**Memorandum Opinion and Order – Page 4**

a citizen of Pennsylvania. As Plaintiff is a citizen of Texas and Aldi (Texas) L.L.C. is a citizen of Pennsylvania, complete diversity exists between the parties. Whether Aldi (Texas) L.L.C. is a citizen of Illinois or Pennsylvania is quite beside the point, as its citizenship is that of a state other than Texas; therefore, complete diversity of citizenship exists between the parties.[*]

## IV.     Conclusion

For the reasons herein stated, the court determines that complete diversity exists between Plaintiff and Defendant. Accordingly, the court **denies** Plaintiff's Motion to Remand.

**It is so ordered** this 28th day of April, 2014.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

---

[*] That Defendant originally asserted that Aldi (Texas) L.L.C. was a citizen of Illinois is of no moment. The court determines this wrong assertion of citizenship to be a technical or procedural error pertaining to jurisdiction, which may be corrected by amendment. 28 U.S.C. § 1653; *In re Allstate Ins. Co.*, 8 F.3d 219, 221 n.4 (5th Cir. 1993) (citations omitted) (stating that a party may be allowed to amend to cure defects regarding allegations of citizenship). Defendant cured the defect when it filed its First Amended Notice of Removal. Moreover, Alvarez filed no response or objection to the First Amended Notice of Removal.