IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATIVIDAD ALVAREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-4122-L |
| | § | |
| ALDI (TEXAS) LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendants Aldi (Texas) LLC filed its Objections and Motion for Protective Order In Regard To Plaintiff's Second Amended Notice of Intent to Take the Oral and Videotaped Deposition and Subpoena Duces Tecum of Defendant Aldi's Designated Representative. *See* Dkt. No. 39. United States District Judge Sam A. Lindsay referred this motion to the undersigned magistrate judge for determination pursuant to 28 U.S.C. § 636(b). *See* Dkt. No. 40. Plaintiff Natividad Alvarez filed a response [Dkt. No. 45], and Defendants filed a reply [Dkt. No. 46]. Defendants' Objections and Motion for Protective Order [Dkt. No. 39] are GRANTED in part and DENIED in part.

### Background

Plaintiff contends that she was a customer visiting a grocery store owned by Defendant on June 15, 2012, when she fell on her knee and "sustained significant, painful and disabling injuries." Dkt. No. 2-1. Although Plaintiff does not say what caused her to fall, she identifies the substance as "debris near the entrance of the

-1-

shopping facility." *Id.* Plaintiff asserts claims for negligent activity and premises liability.

On June 20, 2014, Plaintiff noticed the deposition of a Corporate Representative for Defendant to occur on July 23, 2014 at the office of Defendant's counsel. See Dkt. No. 39-1. The Duces Tecum includes 12 topics and requests documents which purport to be related to each topic. *See id.*

Defendant seeks a protective order regarding two of the topics:

> 6. Policy of retention of video recordings, and policies on re-recording over tape in effect for two years prior to the incident.
>      A. Bring with them recordings of plaintiff fall and any other falls due to foreign substances in the prior 12 months.
> 7. Prior falls inside or outside of the premises due to foreign substances on floor within the last 12 months of incident.
>      A. Bring with them documents which describe prior falls to our incident within the last 12 months.

*Id.*

## Legal Standards

Under Federal Rule of Civil Procedure 26(c), the Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *See* FED. R. CIV. P. 26(c)(1). "[T]he burden is upon [the party seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l,* 134 F.3d 302, 306 (5th Cir. 1998) (citation omitted). The party resisting discovery must show specifically how each request is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel*

*& Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). And a party resisting discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005).

The Court has broad discretion in determining whether to grant a motion for a protective order. *See Harris v. Amoco Prod. Co.,* 768 F.2d 669, 684 (5th Cir. 1985). "The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984).

### Analysis

As Plaintiff notes, Defendant's motion focuses on Topic Nos. 6 and 7 but mentioned Topic No. 12 in one only sentence. *See* Dkt. No. 39 at 3 ("In this case, Defendant requests the Court to protect Aldi from producing a representative designated by Aldi to testify regarding topics 6, 7, and 12 as listed in Plaintiff's Second Amended Notice of Intention to take the Oral and Videotaped Deposition and Subpoena Duces Tecum of Defendant Aldi's Designated Representative or to produce the documents requested in accordance therewith."). After Plaintiff, out of an abundance of caution, addressed Topic No. 12 in her response, Defendant devoted a page of its reply to that topic.

Defendant has not properly raised a challenge to Topic No. 12. Defendant had the burden on making the required showing for a protective order in its opening motion. It did not do so. And raising the issues in its reply is too late where arguments should not be made for the first time in a reply. *See Cavazos v. JP Morgan Chase Bank,*

*N.A.*, 388 F. App'x 398, 399 (5th Cir. 2010) ("'[a]rguments raised for the first time in a reply brief ... are waived'" (quoting *United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir.2005)) (omission in original)); *Digital Generation, Inc. v. Boring*, 869 F. Supp. 2d 761, 771 (N.D. Tex. 2012) (declining to consider new arguments or evidence raised in reply brief); *Mid-Continent Cas. Co. v. Eland Energy, Inc.*, No. 3:06-cv-1576-D, 2008 WL 80760, at *3 n.4 (N.D. Tex. Jan. 8, 2008) (explaining that "this court has repeatedly held that it will not consider arguments raised for the first time in reply"). Insofar as Defendant seeks a protective order to prevent its representative from being required to testify and bring documents as to Topic No. 12, the motion is DENIED.

As to Topic Nos. 6 and 7, Defendant is correct that Plaintiff twice missed the Court's deadline for responding to Defendant's motion. *Compare* Dkt. Nos. 41 & 44, *with* Dkt. No. 45. Defendant objects to the Court's considering the response. But the Court finds it makes no difference. Defendant bears the burden of establishing its right to a protective order, and it has failed, in part, to carry that burden.

The Court finds that evidence relating to falls due to foreign substances in the same area of the same store where Plaintiff fell is relevant to the claims and defenses and discoverable under the broad standard of Federal Rule of Civil Procedure 26(b). Defendant has not shown, or even argued, otherwise. Granting only a partial protective to limit the topics to videos of or documents describing falls within the same area (outside the entrance) of the same store, between June 15, 2011 and the date of Plaintiff's fall, June 15, 2012 (as the topic clearly requests), addresses the relevance and scope concerns that Defendant has raised.

As to Defendant's assertions regarding customer confidentiality, Defendant offers no authority for the proposition that a customer of a retail store has a privacy interest that would preclude production of video taken of the customer entering and leaving a store – video that Defendant presumably did not obtain customers' express consent to record in the first instance. Defendant has failed to support this asserted basis for a protective order. As to documents describing another customer's fall, however, the Court will partially grant a protective order and order that the documents should be produced with redactions of any customer identifying information, including contact information, dates of birth, and social security numbers and should not include – or should be redacted for – documents subject to attorney work product protection and the attorney-client privilege. And Defendant failed to support its undue burden objection with any evidence as required. *See Merrill*, 227 F.R.D. at 477.

## Conclusion

As explained above, the Court GRANTS in part and DENIES in part Defendants' Objections and Motion for Protective Order In Regard To Plaintiff's Second Amended Notice of Intent to Take the Oral and Videotaped Deposition and Subpoena Duces Tecum of Defendant Aldi's Designated Representative [Dkt. No. 39].

SO ORDERED.

DATED: July 17, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE