IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATIVIDAD ALVAREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-4122-L |
| | § | |
| ALDI (TEXAS) LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant Aldi (Texas) LLC filed its Objections and Motion for Protective Order in Regard to Topic No. 11 in Plaintiff's Second Amended Notice of Intent to Take the Oral and Videotaped Deposition and Subpoena Duces Tecum of Defendant Aldi's Designated Representative. *See* Dkt. No. 48. United States District Judge Sam A. Lindsay referred this motion to the undersigned magistrate judge for determination pursuant to 28 U.S.C. § 636(b). *See* Dkt. No. 49.

To begin, a note on timing: The Court does not condone Defendant's last-minute filing of its motion. Defendant filed the motion just two days prior to the date of the deposition for which it seeks a protective order, without any indication in the title or related filing information associated with the motion that the motion is time-sensitive and might require expedited consideration. And Defendant's motion was filed one month after the facts supporting the motion were known to Defendant and after a similar motion for protective order addressing other topics in the same deposition notice was fully briefed and ruled on by the Court last week.

While the parties are certainly encouraged to resolve discovery disputes without court intervention, and while a motion for protective order may, as a general matter, be timely if filed before the date set for the discovery at issue, *see Maxey v. Gen'l Motors Corp.*, No. CIV. A. 3:95CV60-D-A, 1996 WL 692222, at *1 (N.D. Miss. Nov. 18, 1996), the Court considered whether the motion's timing was grounds alone for denial, *cf. Caraway v. Chesapeake Exploration LLC*, 269 F.R.D. 627, 627-29 (E.D. Tex. 2010). But that was not necessary here where, after reviewing the motion, the Court determined that it should be denied, as explained below.

Because the motion was filed at this eleventh hour, Plaintiff Natividad Alvarez has not filed a response. But the Court has determined that a ruling must be made prior to the deposition, which is scheduled for tomorrow, July 23, 2014, and that Plaintiff will not be prejudiced from not having responded.

For the reasons stated below, Defendant's Objections and Motion for Protective Order [Dkt. No. 48] is DENIED.

**Background**

Plaintiff contends that she was a customer visiting a grocery store owned by Defendant on June 15, 2012, when she fell on her knee and "sustained significant, painful and disabling injuries." Dkt. No. 2-1. Although Plaintiff does not say what caused her to fall, she identifies the substance as "debris near the entrance of the shopping facility." *Id.* Plaintiff asserts claims for negligent activity and premises liability.

On June 20, 2014, Plaintiff noticed the deposition of a corporate representative for Defendant to occur on July 23, 2014 at the office of Defendant's counsel. *See* Dkt. No. 48-2. The Duces Tecum includes 12 topics and requests documents which purport to be related to each topic. *See id.*

By this motion, Defendant seeks a protective order regarding one of the topics:

> 11. Person who can testify about defendant's net worth for 2013 and 2014.
>     A. Bring with them financial statements from 2013 and 2014.

*Id.* Defendant reports that, "after multiple conversations debating Topic No. 11, no agreement has been reached as to that topic," which necessitates seeking a protective order just two days prior to the scheduled deposition. Dkt. No. 48 at 2. Defendant contends that requests are "overly broad, are not properly limited in time or scope, seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and finally is harassing and seeks documents that are confidential, sensitive, and proprietary in nature." *Id.* at 3.

## Legal Standards

Under Federal Rule of Civil Procedure 26(c), the Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *See* FED. R. CIV. P. 26(c)(1). "[T]he burden is upon [the party seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l,* 134 F.3d 302, 306 (5th Cir. 1998) (citation omitted). The party resisting discovery must show specifically how each request is not

relevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). And a party resisting discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005).

The Court has broad discretion in determining whether to grant a motion for a protective order. *See Harris v. Amoco Prod. Co.,* 768 F.2d 669, 684 (5th Cir. 1985). "The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984).

**Analysis**

Defendant cites precedent from the District of Columbia to urge that discovery into a defendant's financial status for punitive damages is not permitted "unless and until [the] defendant's liability is established." Dkt. No. 48 at 5 (citing *John Does I-VI v. Yogi,* 110 F.R.D. 629, 633 (D.D.C. 1986) & *Skinner v. Aetna Life Ins. Co.*, 38 Fed. R. Serv. 2d 1194, 1195 (D.D.C. 1984)). Defendant suggests that, unless and until Plaintiff establishes its gross negligence, the financial information relevant to proving punitive damages is prematurely sought. *See id.* at 6-7. Defendant also asserts, in conclusory fashion and without any competent evidence in support, that the documents sought are "confidential, sensitive and proprietary in nature." *Id.* at 7. Finally, Defendant suggests that the discovery request should be limited to Defendant's net worth for 2014 and the production of its annual balance sheet for that year. *Id.* at 9.

Federal Rule of Civil Procedure 26(b) allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" FED. R. CIV. P. 26(b)(1). The information sought need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

And the Texas Supreme Court has explained that under Texas law – which undoubtedly applies in this diversity proceeding – discovery related to a defendant's profits and expenses is relevant in a lawsuit seeking punitive damages. *See Smith v. DeTar Hosp., LLC,* No. V-10-83, 2011 WL 6217497, at *8 (S.D. Tex. Dec. 14, 2011) (citing cases). "Therefore, in cases where punitive or exemplary damages may be awarded, parties may discover and offer evidence of a defendant's net worth." *In re Jacobs,* 300 S.W.3d 35, 40 (Tex. App. – Houston [14th Dist.] 2009) (citing *Lunsford v. Morris,* 746 S.W.2d 471, 473 (Tex. 1988), *overruled on other grounds, Walker v. Packer,* 827 S.W.2d 833, 842 (Tex. 1992)). Likewise, district courts in this circuit have found that "evidence of net worth is relevant, discoverable, and admissible at trial to evaluate a plaintiff's punitive damage claim." *Wright v. Weaver,* No. 4:07-cv-369, 2009 WL 5170218, at *4 (E.D. Tex. Dec 18, 2009) (citing *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.,* 218 F.R.D. 125, 137 (E.D. Tex. 2003)). This is not a case in which the issues of liability and punitive damages have been bifurcated, which may permit a defendant to delay discovery until the punitive damage phase of trial. *See, e.g.*, *Mahoney v. Ernst & Young, LLP*, 487 F. Supp. 2d 780, 798 (S.D. Tex. 2006).

Moreover, despite Defendant's claims to the contrary, "[u]nder Texas law, a party seeking discovery of net-worth information need not satisfy any evidentiary prerequisite, such as making a *prima facie* showing of entitlement to punitive damages, before discovery of net worth is permitted." *Jacobs,* 300 S.W.3d at 40 (citing *In re House of Yahweh,* 266 S.W.3d 668, 673 (Tex. App. – Eastland 2008)). Accordingly, Defendant's objection that the discovery sought is irrelevant or premature is overruled.

Defendant's concern that the discovery requested includes "documents that are confidential, sensitive, and proprietary in nature" does not permit it to resist discovery, even if the sensitive nature of the documents may justify a confidentiality order. Initially, Defendant offers no specifics to support this assertion of confidentiality. Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). As discussed above, the financial statements are relevant in this lawsuit. Defendants do not assert, and certainly do not establish, that this information is privileged in any manner. Although Defendant may seek a confidentiality order that "specif[ies] the terms ... for the disclosure or discovery," FED. R. CIV. P. 26(c)(1)(B), it may not simply refuse production due to confidentiality concerns, *see T-M Vacuum Prods., Inc. v. Taisc, Inc.*, No. H-07-4108, 2008 WL 5082413 at *3 (S.D. Tex. Nov. 25, 2008).

Given the last-minute nature of Defendant's motion for protective order, there is insufficient time for the Court to enter any such confidentiality order. But the Court orders that the documents produced and deposition testimony given in response and

relevant to Topic No. 11 shall not be disclosed or shared in any manner outside the parties and counsel to this lawsuit until the parties can negotiate, the Court can enter an appropriate confidentiality order, and the parties can determine whether the documents and deposition testimony are properly subject to protection under the confidentiality order.

Defendant's assertions that the requests at issue are overly broad and harassing, *see* Dkt. No. 48 at 3, are similarly unavailing. Defendant bears the burden to make a specific showing as to how disclosure of the requested documents and information would be burdensome or overly broad. *See Merrill,* 227 F.R.D. at 477 (holding that party opposing discovery must "'show specifically how ... each [request] is not relevant or how each [request] is overly broad, burdensome or oppressive'"). Here, Defendant only asserts that the requests at issue call for financial information "irrelevant to determining punitive damages" and should be more narrowly tailored. Dkt. No. 48 at 9. These general, conclusory statements are not sufficient to carry Defendant's burden.

To the extent that Defendant seeks to limit discovery to its net worth for 2014 and seeks to produce only the 2014 annual balance sheet on the basis that Plaintiff's request is not limited to the relevant time period, that request is also denied. Discovery is to be limited to the relevant time period. But information for years prior or subsequent to the specific period covered by the dispute may still be relevant to a Plaintiff's claims. *See, e.g., Jackson v. Wilson Welding Serv.*, No. 10-2843, 2011 WL 5024360, at *4 (E.D. La. Oct. 20, 2011) (citing cases); *see also Hillside Amusement Co.*

*v. Warner Bros. Pictures,* 7 F.R.D. 260, 261-62 (S.D.N.Y. 1944) (relevant time period depends on the nature of the claim and may include period antedating plaintiff's entry into business). Here, Plaintiff alleges that she was injured on June 15, 2012. *See* Dkt. No. 2-1 at 28. Thus, discovery of Defendant's net worth is reasonably limited to 2013 and 2014. *See Jackson*, 2011 WL 5024360, at *4; *see also Briones v. Smith Dairy Queens Ltd.*, No. V-08-48, 2008 WL 4630485, at *5 (S.D. Tex. Oct. 16, 2008) (limiting the plaintiff's discovery of the defendant's financial information to 2007 and 2008 where an alleged discriminatory act took place in 2007 and the discovery was requested in 2008).

## Conclusion

Because the financial data at issue is relevant to the claims or defenses in this action and because Defendant has failed to meet its burden of showing that the requested financial data is unduly burdensome, overly broad, privileged, or otherwise improper, Defendant's Motion for Protective Order [Dkt. No. 48] is DENIED. But the parties and counsel are ORDERED to comply with the following limited protective order: The documents and deposition testimony relevant to Topic No. 11 shall not be disclosed or shared in any manner outside the parties and counsel to this lawsuit until the parties can negotiate and the Court can enter an appropriate confidentiality order and the parties can determine whether the documents and deposition testimony are properly subject to protection under the confidentiality order.

SO ORDERED.

DATED: July 22, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE